IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CRAIG STEVEN CALDWELL,

          Petitioner,

   v.

SHARON BLACKETTER,

          Respondent.

Civil No. 3:08-cv-01167-AC

FINDINGS AND RECOMMENDATION

THOMAS J. HESTER
Assistant Federal Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

      Attorneys for Petitioner

JOHN R. KROGER
Attorney General
LYNN DAVID LARSEN
Assistant Attorney General
1162 Court Street NE
Salem, OR 97301

      Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On October 20, 2000, a Washington County grand jury indicted Petitioner on two counts of Sodomy in the First Degree (Victim Under 12 Years of Age) and two counts of Sex Abuse in the First Degree (Victim Under 14 Years of Age). The victim was a half-sister to Petitioner's son -- they shared the same mother. The mother lost custody of the victim and Petitioner's son in November 1996. Because the victim's father was working full-time and also completing school, temporary custody of the victim was awarded to Petitioner, who also received permanent custody of his son.

From June 1996 through June 1997, the victim lived with her brother and Petitioner, along with Petitioner's cousin and his cousin's daughter. In June 1997, the victim left Petitioner and went to live with her biological father. In 1999, the victim disclosed to her father that Petitioner had sexually abused her during the time she was in his custody.

The case was tried to the court. Following the bench trial, the judge acquitted Petitioner of one count of Sodomy in the First Degree and one count of Sex Abuse in the First Degree, finding that the evidence was not sufficient to prove the charges beyond a reasonable doubt. The judge convicted Petitioner on one count of Sodomy in the First Degree and one count of Sexual Abuse in the First Degree. The judge sentenced Petitioner to 100 months of imprisonment on the Sodomy

conviction and 75 months on the Sex Abuse conviction. Twenty months of the Sex Abuse conviction was ordered to be served consecutively, for a total term of 120 months of imprisonment.

Petitioner directly appealed his convictions and sentence. The Oregon Court of appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Caldwell*, 195 Or. App. 184, 99 P.3d 1238, *rev. denied*, 337 Or. 616, 103 P.3d 639 (2004).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but again the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Caldwell v. Blacketter*, 220 Or. App. 457, 187 P.3d 231, *rev. denied*, 345 Or. 301, 194 P.3d 147 (2008).

On October 6, 2008, Petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this court. In it, Petitioner alleged four grounds for relief:

> **Ground One:** Petitioner's U.S. Constitutional Rights, Amendments 5, 6, and 14 (improper evidence), (fair trial), (due process), (etc.) were violated when trial court abused its discretion and erred in its rulings.
> **Supporting Facts:** Trial court erred in ruling that [Petitioner's] statements to police were admissible. Trial court also erred in ruling defendant guilty of Count 3 (Sex Abuse I) as it was supported only by [Petitioner's] involuntary statements made to police.
>
> **Ground Two:** Petition[er]'s U.S. Constitutional Rights, Amendment 6 and 14 were violated by inadequate and ineffective trial counsel who failed to act, or object to, as proper counsel would have, thus causing prejudice.
> **Supporting Facts:** Trial counsel's failures include:
> (I) Failed to object, on multiple evidential grounds, to CARES' evidence submitted by the State. Submission of improper evidence "poisoned the well." I did not receive a fair trial.
> (II) Failed to conduct pre-trial investigations into impossibility elements of declarant's story Including: Alleged sodomy acts could not have occurred on the child bunk bed set, top bunk, for many reasons.

(III) Failed to submit, or motion the court to include, declarant's prior false allegation evidence. Declarant had made similar allegations that police concluded were erroneous.

(IV) Failed to object to multiple, extensive, and damaging prosecutorial misconducts occurring throughout the trial.

(V) Failed to contact, consult with, or procure an expert in child sexual abuse defense. State submitted (improperly) a great deal of medical evidence that went unchallenged by a defense expert.

(VI) Failed to object to, or motion for a new trial, due to improper finding by the fact-finder. Fact-finder (Bench trial) findings are erroneous and not supported by the record. Fact-finder quotes testimony never offered into evidence by prosecution to find factual elements/occurrences of convictions.

(VII) Failed to object to multiple errors at sentencing. Including: [Petitioner's] objections to P.S.I. went unheard b sentencing court. No "ability to pay" hearing held prior to fines/fees being ordered. Consecutive sentences violate State law and U.S. Constitution.

**Ground Three:** Petitioner's U.S. Constitutional Rights, Amendment 14, Due Process, was violated by receiving inadequate and ineffective assistance of appellate counsel on multiple fronts and issues.
**Supporting Facts:** Appellate counsel failed to raise issue with:
(I) Sentence violated new law passed in BLAKELY prior to case being made final.
(II) All "plain errors" found throughout trial.

**Ground Four:** Petitioner's U.S. Constitutional Rights, Amendments 6 and 14, and Due Process were violated when Post-Conviction Court abused its discretion when it denied petitioner's timely, reasonable motions.
**Supporting Facts:** Post-Conviction Court improperly denied petitioner's motions for expert witnesses, and investigator, and motion for postponement of post-conviction trial to acquire said experts.

This court appointed counsel to represent Petitioner. Counsel filed a Brief in Support of Petition for Writ of Habeas Corpus which does not address all of the claims alleged in the Petition. Instead, the Brief argues Petitioner received ineffective assistance of trial counsel because trial counsel failed to file a notice required under Oregon's Rape Shield Law and failed to impeach the victim when she denied making prior allegations of abuse against others.

Respondent contends the claim argued in Petitioner's brief pertaining to failure to file the notice required under Oregon's Rape Shield Law was not alleged in the Petition for Writ of Habeas Corpus. With respect to the claim that counsel failed to impeach the victim, Respondent argues the PCR court's decision denying relief on this claim is entitled to deference. Finally, Respondent contends Petitioner is not entitled to relief on the remaining grounds for relief because he has not met his burden of demonstrating why he is entitled to relief on these claims. Therefore, Respondent argues, this Court should deem those claims waived and deny them.

## DISCUSSION

### I. Failure to File Notice under Oregon Rape Shield Law and Failure to Impeach the Victim

#### A. Claim Alleged in Petition

As noted, in his Brief in Support Petitioner argues trial counsel provided constitutionally ineffective assistance of counsel because he failed to provide the notice required by Oregon's Rape Shield Law and because he failed to impeach the victim when she denied past accusations of sexual abuse against others. With respect to the Rape Shield Law claim, Respondent argues this claim is not properly before the Court as Petitioner did not allege it in his *pro se* Petition for Writ of Habeas Corpus.

The Petition alleges trial counsel provided ineffective assistance of counsel when he "[f]ailed to submit, or motion the court to include, declarant's prior false allegation evidence. Declarant had made similar allegations that police concluded were erroneous." Petitioner's explanation in his Brief in Support that counsel failed to submit a notice specifically provided for in OEC 412 does not fundamentally alter the legal claim alleged in his Petition. *See e.g., Belmontes*

5 - FINDINGS AND RECOMMENDATION -

*v. Brown*, 414 F.3d 1094, 1117-18 (9th Cir. 2005) (new factual allegations in a federal petition do

not render a claim considered in state court unexhausted unless they fundamentally alter the legal

claim already considered by the stat court's opinion), *rev'd on other grnds by Ayers v. Belmonte*,

549 U.S. 7 (2006). Instead, Petitioner's argument falls within the category of new or varied factual

allegations pertaining to the underlying legal claim. Accordingly, the allegation that counsel was

ineffective in failing to provide the notice required under Rule 412 is properly before the Court.

### B.    Legal Standards

An application for a writ of habeas corpus shall not be granted unless the adjudication on

the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established
> Federal law as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386–389 (2000), the Supreme Court

construed this provision as requiring federal habeas courts to be highly deferential to the state court

decisions under review. In *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398–1402 (2011), the Court

reiterated the highly deferential nature of federal habeas review, and limited federal review "to the

record that was before the state court that adjudicated the claim on the merits."

"'Clearly established Federal law' is the governing legal principle or principles set forth by

the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393 F.3d

943, 974 (9th Cir. 2004). An "unreasonable application" of clearly established federal law occurs

when "the state court identifies the correct governing legal principle from [the Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974 (citing *Williams*). "The state court's application of law must be objectively unreasonable." *Williams*, 529 U.S. at 411. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24, 25 (2002) (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

In reviewing a state court decision, "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). This is a standard that will be met in few cases. *Id.* at 1000. When unchallenged, State court determinations of factual issues "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *Miller-el v. Cockrell*, 537 U.S. 322, 340 (2003). A Petitioner may rebut the presumption of correctness with clear and convincing evidence. *Id.* The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002).

The clearly established federal law governing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). *Pinholster*, 131 S. Ct. at 1403. Under *Strickland*, a petitioner must prove that: 1) counsel's performance fell below an objective standard

of reasonableness and, 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390–91; *Strickland*, 466 U.S. at 687–88.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. "Judicial scrutiny of counsel's performance must be highly deferential," *id*. at 689, and "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *Pinholster*, 131 S. Ct. at 1407 (quoting *Strickland*) (internal quotation marks omitted).

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

To establish the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In determining whether a defendant was prejudiced by ineffective assistance of counsel, the court should examine whether the "'result of the proceeding was fundamentally unfair or unreliable.'" *United States v. Palomba*, 31 F.3d 1456, 1460–61 (9th Cir. 1994) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

### C.    Analysis of PCR Court's Decision

In the PCR proceeding, Petitioner submitted records from 1994 showing that the victim, when she would have been about five years old, may have been sexually abused by her uncle. Petitioner argued that his trial attorney was ineffective for failing to submit a notice under Oregon's Rape Shield Law of the intent to introduce evidence of the prior accusations and that counsel failed to impeach the witness when she testified she never made other false accusations of sexual misconduct.

However, it is not entirely clear from the evidence submitted to the PCR court that the victim ever actually accused her uncle of sexually molesting her. While her mother reported events *she* witnessed that suggested sexual abuse may have occurred, the victim herself reported only that the uncle had "smothered" her and that he threw his dirty shorts at her.

After reviewing Petitioner's evidence and arguments, at the conclusion of the PCR evidentiary hearing the PCR trial judge made the following statement on the record:

> THE COURT:  Well, as I've said, I've gone through this large stack of material and exhibits and whatnot.
>
> And frankly, I can't find in this case that there's one iota of evidence that would anywhere near rise to the level of ineffective assistance of counsel in this case.  It's just not there.  I think the State has it well analyzed here.

Resp. Exh. 146, p. 23.  The judge subsequently entered judgment against Petitioner stating:  "The evidence presented fails to prove any of the allegations of the petition."  Resp. Exh. 147, p. 1.

Upon a review of the evidence presented at the criminal trial and before the PCR court, the state court's decision denying relief on Petitioner's ineffective assistance of counsel claim was not contrary to or an unreasonable application of *Strickland*.  Petitioner has not established that, but for

an error committed by counsel, there is a reasonable probability the result of the proceeding would have been different. Accordingly, Petitioner is not entitled to habeas corpus relief on this claim.

**III.    Unaddressed Claims**

As noted, Petitioner addresses only one argument in his Brief in Support of Petition. He does not address the remaining claims. Upon review of the unaddressed claims, however, Petitioner is not entitled to relief on the grounds alleged in the Petition but not addressed in the Memorandum in Support. See 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.")

With respect to the trial court error alleged in Ground One, the decision of the trial court to admit Petitioner's partial confession is entitled to deference, because Petitioner was not in custody at the time it was given. As to the remaining ineffective assistance of trial counsel and the ineffective assistance of appellate counsel claims alleged in Grounds Two and Three, the PCR court's decision denying relief on these claims was not contrary to or an unreasonable application of clearly established law as announced by the United States Supreme Court. Finally, the PCR court errors alleged by Petitioner in Ground Four are not cognizable in a federal habeas corpus action brought pursuant to § 2254. Accordingly, Petitioner is not entitled to relief on the claims not addressed in his Brief.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED, and judgment of dismiss should be entered. Because Petitioner has not made a substantial showing of the denial

of a constitutional right, a certificate of appealability should be DENIED.  *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due March 14, 2012.  If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this _28th_ day of February, 2012.

John V. Acosta
United States Magistrate Judge